UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MICHAEL MILLER, | Case No. 3:24-cv-00062-MMD-CSD |
| Plaintiff, | ORDER |
| v. | |
| ASHCRAFT, *et al.*, | |
| Defendants. | |

## I.    SUMMARY

*Pro se* Plaintiff Michael Miller, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1-1.) He also filed an application to proceed *in forma pauperis* ("*IFP* Application"). (ECF No. 1.) The Court grants the IFP Application and screens Miller's Complaint under 28 U.S.C. § 1915A.

## II.    IFP APPLICATION

To start,  the Court grants Miller's IFP Application. (ECF No. 1.) Based on the information he provided regarding his financial status, the Court finds that Miller is not able to pay an initial installment payment toward the full filing fee pursuant to 28 U.S.C. § 1915. Miller will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available.

## III.    SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is

immune from such relief. *See id.* §§ 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act, a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff

2

1
2
3
must provide more than mere labels and conclusions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *See id.*

4
5
6
7
8
9
10
11
Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

12
13
14
15
16
17
18
Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

19
## IV.   DISCUSSION

20
21
22
23
24
In his Complaint, Miller sues six Defendants for events that took place while he was incarcerated at Northern Nevada Correctional Center. (ECF No. 1-1 at 2.) Miller names as Defendants Kristy Fonoimoana, Lt. Ashcraft, Warden N. Childers, correctional officer Ralston, and Does senior cert officer and shift command sergeant.[1] He brings one claim and seeks monetary damages.

25

26
27
28
---
[1]The use of "Doe" to identify a defendant is not favored. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). But flexibility is allowed in some cases where the identity of the parties will not be known prior to filing a complaint but can subsequently be determined through discovery. *See id.* If the identity of any of the Doe Defendants were

1    Miller alleges the following. On June 14, 2023, a physical altercation occurred in
2    his dorm between another inmate and officers that resulted in a taser being deployed.
3    Afterwards, all prisoners were ordered out of the dorm so that the officers could clear the
4    scene for safety and security. About an hour later the inmates were allowed to return to
5    the dorm. Miller did not realize that an officer had misfired his weapon, and the projectile
6    had landed in and remained in his bed. Officers failed to follow policy by not recovering
7    all the projectiles. Miller has sensitive skin due to past burn injuries to most of his body,
8    and while he was sleeping the projectile punctured his skin.

9    Officer Ralston knew that one of his projectiles did not hit the intended target, and
10   he knew that it had not been accounted for. Lt. Ashcraft was fully aware that all the
11   projectiles had not been recovered, but he deliberately and maliciously caused Miller
12   harm by stating that the dorm was safe. Doe senior cert officer worked with his co-workers
13   to conceal the fact that the dorm was not safe and secure. He deliberately violated
14   procedure governing whenever an electronic control weapon is used. Doe shift command
15   sergeant knew all projectiles had not been recovered. Warden Childers responded to
16   Miller's grievance about the incident by stating only, "you were collateral damage." (*Id.* at
17   3.) Miller pursued a second level grievance on August 17, 2023; to date he has received
18   no response.

19   Based on these allegations, Miller asserts an Eighth Amendment claim for
20   deliberate indifference to inmates' safety against Defendants Ashcraft, Childers, Ralston,
21   Doe senior cert officer, and Doe shift command sergeant (Claim 1).

22   The Constitution does not mandate comfortable prisons, but neither does it permit
23   inhumane ones. *See Rhodes v. Chapman*, 452 U.S. 337, 349 (1981); *Farmer v. Brennan*,
24   511 U.S. 825, 832 (1994). The "treatment a prisoner receives in prison and the conditions
25   under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling*

26

27   _____
28   to come to light during discovery, Plaintiff would be able to move to substitute the true
     names of Doe Defendant(s) to assert claims against the Doe Defendant(s) at that time.

*v. McKinney*, 509 U.S. 25, 31 (1993). The Eighth Amendment imposes duties on prison officials to take reasonable measures to guarantee the safety of inmates and to ensure that inmates receive adequate food, clothing, shelter, and medical care. *See Farmer*, 511 U.S. at 832.

To establish violations of these duties, the prisoner must establish that prison officials were deliberately indifferent to serious threats to the inmate's safety. *See id.* at 834. To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Id.* at 837. Prison officials may not escape liability because they cannot, or did not, identify the specific source of the risk; the serious threat can be one to which all prisoners are exposed. *See id.* at 843. Additionally, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844; *see also Hallinan v. Scarantino*, 466 F. Supp. 3d 587, 606 (E.D.N.C. 2020) (finding that the "fact that respondents' response may prove inadequate to prevent the spread of COVID-19 does not establish they were deliberately indifferent").

Here, Miller alleges that several Defendants knew that a taser projectile was unaccounted for after they swept the dorm post-incident. He offers only conclusory allegations that Defendants maliciously and knowingly told inmates the scene was safe. But he has not alleged that a single projectile posed a serious risk to inmate health or safety. Nor does Miller allege a serious injury. He explains that he has significant burn injuries—apparently due to a childhood incident—and he states that he rolled over and the projectile pierced his skin. His allegations do not rise to a colorable claim of a

constitutional violation. Accordingly, the Court dismisses Miller's Complaint with prejudice and without leave to amend as amendment would be futile.[2]

**V.    CONCLUSION**

It is therefore ordered that Miller's application to proceed *in forma pauperis* (ECF No. 1) without having to prepay the full filing fee is granted. Miller will not be required to pay an initial installment fee. Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act.

It is further ordered that, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Nevada Department of Corrections will forward payments from the account of Michael Miller, #1249108, to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of Court will send a copy of this order to the Finance Division of the Clerk's Office. The Clerk of Court will further send a copy of this order to the attention of Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

It is further ordered that, even though this action is dismissed, or is otherwise unsuccessful, the full filing fee will still be due, under 28 U.S.C. §1915, as amended by the Prison Litigation Reform Act.

It is further ordered that the Clerk of Court file the Complaint (ECF No. 1-1) and send Miller a courtesy copy.

It is further ordered that the Complaint is dismissed in its entirety with prejudice, as amendment would be futile, for failure to state a claim.

///

///

///

///

---

[2]The Court also notes that while Miller lists Kristy Fonoimoana as a Defendant, he sets forth no allegations against that Defendant.

1    The Clerk of Court is directed to enter judgment accordingly and close this case.

2    This Court certifies that any *in forma pauperis* appeal from this order would not be taken

3    "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

4    DATED THIS 24th Day of September 2024.

5

6    _____
     MIRANDA M. DU

7    CHIEF UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28